Myrna E. LUDWIG

v.

QUEBECOR DAILIES, INC. t/a The Philadelphia Journal.

Civ. A. No. 79–549.

United States District Court, E. D. Pennsylvania.

July 31, 1979.

Leonard Zack, Arthur L. Shanker, Philadelphia, Pa., for plaintiff.

Theodore W. Flowers, Francis P. Devine, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff's amended complaint alleges that her discharge from *The Philadelphia Journal* on January 4, 1979 "was motivated solely by discrimination based upon sex" on the part of defendants. Amended Complaint ¶ 11. She bases her complaint against her former employer, its managing editor and its photography editor on 42 U.S.C. §§ 1981, 1983, 1985(8) and 1986. Defendants have moved to dismiss.

■ Count I of plaintiff's amended complaint is based upon 42 U.S.C. § 1981. Section 1981 provides in part that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, . . ." It has been widely recognized that § 1981 does not apply to allegations of sex discrimination. *See, e. g., Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *DeGraffenreid v. General Motors Assembly Division*, 558 F.2d 480, 486 n. 2 (8th Cir. 1977); *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa. 1976). Plaintiff's complaint contains no allegation of racial discrimination. She therefore may not avail herself of § 1981 in this case.

■ Plaintiff's § 1983 claim likewise cannot withstand a motion to dismiss. "A prerequisite for any relief under Section 1983, of course, is that the defendant have acted under color of state law." *Graseck v. Mauceri*, 582 F.2d 203, 207 (2d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979). Plaintiff argues that the relationship between Pennsylvania and the defendants is adequate to satisfy this requirement because defendant Quebecor is a foreign corporation which may conduct business within the Commonwealth only by virtue of the laws of Pennsylvania, and because "[t]he Commonwealth of Pennsylvania specifically and directly regulates the publishing industry, proscribes conduct, and sanctions the publication of legal notices on behalf of the Commonwealth." Amended Complaint ¶ 16. We do not agree with plaintiff that on the facts of this case the state action requirement has been met. *Cf. Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (extensive state regulation does not necessarily lead to a finding of state action); *Chicago Joint Board v. Chicago Tribune Co.*, 435 F.2d 470 (7th Cir. 1970), *cert. denied*, 402 U.S. 973, 91 S.Ct. 1662, 29 L.Ed.2d 138 (1971) (newspaper's receipt of revenue from publishing legal notices, etc., did not convert its conduct into state action); *Sament v. Hahnemann Medical College & Hospital*, 413 F.Supp. 434 (E.D.Pa.1976), *aff'd*, 547 F.2d 1164 (3d Cir. 1977) (granting of corporate charter not sufficient to result in finding of state action). When all of the factors raised by plaintiff are considered together, they fall significantly short of revealing the type of "symbiotic relationship" between defendants and the state which plaintiff would have us find. *See id.* Plaintiff's § 1983 claim must therefore also be dismissed.

■ In Count III of her amended complaint, plaintiff alleges a cause of action under 42 U.S.C. § 1985(3). She states that defendants conspired to deprive her of "the

equal privileges and immunities under the laws, to secure and retain employment regardless of her sex without being exposed to malicious degradation and invidious discrimination as guaranteed by the Thirteenth and Fourteenth Amendments of the United States Constitution and codified in 42 U.S.C. §§ 1981, 1983, and 1985(3)." Amended Complaint ¶ 20. Section 1985(3), of course, is a remedial statute which, by itself, creates no rights. *Great American Federal Savings & Loan Ass'n v. Novotny,* ── U.S. ──, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). As we discussed *supra,* § 1981 does not apply to sex discrimination, and § 1983's state action requirement is not satisfied in this case. Nor is the Thirteenth Amendment applicable to this case. To the extent Count III may be viewed as an attempt to redress violations of Title VII, 42 U.S.C. § 2000e *et seq.,* plaintiff may not utilize § 1985(3) for that purpose. *Great American Federal Savings & Loan Ass'n v. Novotny, supra.* Count III must therefore also be dismissed.

▮ Dismissal of Count III requires dismissal of Count IV, which is based on 42 U.S.C. § 1986. *Brawer v. Horowitz,* 535 F.2d 830, 841 (3d Cir. 1976).