### Clare R. BRUFFETT

v.

### WARNER COMMUNICATIONS, INC.

### Civ. A. No. 81–5162.

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1982.

Frank B. Baldwin, III, Gary L. Bragg, Philadelphia, Pa., for plaintiff.

Jerome A. Hoffman, John M. Coleman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is defendant's motion for summary judgment filed in a civil action brought by plaintiff Clare R. Bruffett to challenge the refusal of the Franklin Mint ("Franklin"), now a subsidiary of defendant Warner Communications, Inc. ("Warner"), to offer plaintiff permanent, full-time employment. For the reasons set forth, defendant's motion, treated as a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6), will be granted.

In reviewing a complaint to determine its sufficiency upon a motion to dismiss, the Court must take as true all well-pleaded allegations of the complaint. *Miree v. De-Kalb County*, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 2492 n.2, 63 L.Ed.2d 557 (1977). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Viewed in light of the foregoing standards, the complaint alleges the following facts.

Plaintiff answered a newspaper advertisement for a job with Franklin as an Advertising Designer. Plaintiff was interviewed on October 25, 1978, and began a two week trial period of employment on November 14, 1978. Upon plaintiff's successful completion of the trial period, plaintiff was offered "full-time, permanent" employment, *provided* that plaintiff successfully completed a medical examination.

On December 8, 1978, plaintiff underwent the first of several medical examinations. These examinations revealed that the plaintiff had a medical condition not identified in the complaint.[1] On January 12, 1979, plaintiff was informed that, because of his medical condition, he could not be hired as a full-time employee. Plaintiff was retained, however, on a "full-time, free-lance" basis until May, 1979. Plaintiff never filed a complaint with the Pennsylvania Human Relations Commission under the Pennsylvania Human Relations Act, which prohibits employment discrimination based on a "non-job related handicap or disability." Pa.Stat.Ann. tit. 43, § 955(a) (Purdon Supp. 1981–1982). The present action was not filed until December 16, 1981.

Plaintiff's complaint is set forth in four counts. Count I alleges that Franklin "wrongfully refused to hire" plaintiff because Franklin's refusal was "unreasonable and without cause." Count II claims that Franklin's conduct, in reporting to plaintiff that his medical condition suggests that he may later suffer kidney failure, constituted an intentional infliction of mental distress. Count III seeks recovery on the ground that Franklin's conduct violates the "clear mandate of public policy" represented by the Pennsylvania Human Relations Act in denying employment to plaintiff because of his medical condition. Finally, in Count IV, plaintiff alleges that Franklin acted without "cause or justification" in terminating plaintiff's employment.

The Court will first address the claims raised in Counts I and IV. Both state essentially the same claim: that Franklin's decision not to employ plaintiff as a full-

---

1. Plaintiff's and defendant's moving papers indicate that the medical condition involved is proteinuria, in which there is an excess of serum proteins in the urine. Plaintiff does not appear to deny that he has the condition. The moving papers further indicate that the condition is secondary to plaintiff's diabetes. Nevertheless, since the precise nature of plaintiff's condition would not affect the outcome of defendant's motion, these facts have played no part in our decision.

time, permanent employee was unjustifiable and without cause. It is necessarily implicit in plaintiff's claim that Franklin's justification, plaintiff's medical condition, was insufficient. Accordingly, both Count I and Count IV can only be read as claims that Franklin wrongfully discharged plaintiff because the discharge was based upon a non-job related handicap or disability.

■■■ It is true, as plaintiff argues, that Pennsylvania has apparently recognized a cause of action for an employer's wrongful termination of an at-will contract of employment where the termination violates a "clear mandate of public policy." *Geary v. United States Steel Corp.*, 456 Pa. 171, 184, 319 A.2d 174, 180 (1974). *See also Boresen v. Rohm & Haas, Inc.*, 526 F.Supp. 1230 (E.D.Pa.1981). Nevertheless, in *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1979), the Third Circuit held that a discharge from employment based on age discrimination prohibited by the Pennsylvania Human Relations Act could only be brought under that statute, and that no parallel common law right of action was created by the statute's enactment. The court stated:

> In the instant case, Pennsylvania's public policy on the question of arbitrary age discrimination is manifest. A termination based on age would violate the duties imposed on employers by the Pennsylvania Human Relations Act and would trigger the remedies provided by that act. We conclude that the Pennsylvania courts would not hold that termination of an at-will employee on the basis of age gives rise to an independent common law cause of action for breach of contract in addition to those statutory remedies. We do not believe that the courts of Pennsylvania would hold that the mere passage of the Human Relations Act created a separate common law claim where none had existed before, and where that void had been filled by that very legislation. Judicial reluctance to create such a remedy is evident in *Geary*, and we believe that the courts of Pennsylvania, if directly confronted with the issue, would hold that the Pennsylvania Human Relations Act and the procedures established therein provide the exclusive state remedy for vindication of the right to be free from discrimination based on age.

*Id.* at 195 (footnote omitted). The rationale behind *Bonham's* refusal to recognize a common law right of action for age discrimination applies with equal force to plaintiff's assertion of common law causes of action for wrongful discharge based on a non-job related handicap or disability. As in *Bonham*, the form of employment discrimination at issue here is forbidden by the Pennsylvania Human Relations Act. Pa. Stat.Ann. tit. 43, § 955 (Purdon Supp. 1981–1982). *Bonham* thus requires plaintiff to seek relief under the Act, subject, of course, to whatever limitations the Act imposes. Accordingly, Counts I and IV, which attempt to state common law causes of action parallel to the statutory remedies in the Pennsylvania Human Relations Act, must be dismissed.

■■■ Plaintiff's second count, which purports to state a claim for damages caused by Franklin's intentional infliction of emotional distress, must also be dismissed. Under Pennsylvania law, a cause of action in tort generally accrues upon the date of injury. *Gibson v. Commonwealth of Pennsylvania*, 490 Pa. 156, 162, 415 A.2d 80, 83 (1980). Thus, plaintiff's cause of action could not conceivably have accrued later than January 12, 1979, when Franklin notified plaintiff of the decision and its basis. *See Kaletha v. Bortz Elevator Co.*, 383 N.E.2d 1071, 1075 (Ind.Ct.App.1978) (cause of action for intentional infliction of emotional distress implicitly held to accrue upon receipt of letter alleged to have caused the emotional distress). Since plaintiff did not file his complaint until December 16, 1981, plaintiff's claim, if any, is barred by Pennsylvania's two year statute of limitations governing such actions. 42 Pa.Cons.Stat. Ann. § 5524 (Purdon 1981).

■■■ Finally, Count III of plaintiff's complaint, alleging a violation of the public policy of the Pennsylvania Human Rela-

tions Act, must also be dismissed. First, to the extent that Count III is intended to state a claim for direct violation of a provision of the Act, it is barred because of plaintiff's failure to file a complaint with the Pennsylvania Human Relations Commission within 90 days of the discriminatory act as required by the statute. Pa.Stat. Ann. tit. 43, § 959 (Purdon Supp. 1981–1982). If, on the other hand, plaintiff's claim that Franklin's actions violated "public policy" as reflected in the Act is intended to state a common law claim parallel to but distinct from any claim existing directly under the Act, then the Court must dismiss the claim for the same reasons that compelled the dismissal of Count I and Count IV.

For the reasons set forth above, plaintiff's complaint must be dismissed in its entirety.

An appropriate Order will be entered.