James L. NESTOR, Plaintiff,

v.

QUAKER STATE COCA–COLA BOT-
TLING COMPANY, a Pennsylvania
corporation, Defendant.

Civ. A. No. 82–842.

United States District Court,
W.D. Pennsylvania.

Feb. 10, 1984.

James R. Murphy, Donnelly & Associ-
ates, Detroit, Mich., Harry R. Ruprecht,
Pittsburgh, Pa., for plaintiff.

Philip E. Beard, Stonecipher, Cumming-
ham, Beard, & Schmitt, Thomas E. Lippard,
Houston, Cohen, Harbaugh & Lippard,
Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

Presently before us is defendant's mo-
tion for summary judgment as to Counts II
and III of the complaint, or, alternatively,
to dismiss these counts for failure to state
a claim. Count I of the Complaint alleges
that plaintiff was terminated from his job
because of his age, in violation of the Age
Discrimination in Employment Act, 29
U.S.C. § 621 *et seq.* ("ADEA"). Count II
alleges a violation of the Pennsylvania Hu-
man Relations Act, Pa.Stat.Ann. tit. 43,
§ 955(a) (Purdon Supp.1981–1982).
("PHRA"). Count III alleges a breach of
contract claim for defendant's failure to
give plaintiff severance pay in the amount
of a full year's salary, which plaintiff alleg-
es was the policy and practice of defendant
with respect to involuntarily-terminated
employees.

*Procedural History*

On November 29, 1982, we granted de-
fendant's motion to dismiss plaintiff's claim
for emotional injury under the ADEA.
*Rogers v. Exxon Research & Engineering
Co.,* 550 F.2d 834 (3d Cir.1977). We al-
lowed plaintiff's claim for emotional dis-
tress under the PHRA to stand. *Pennsyl-
vania Human Relations Comm'n v. Za-*

*mantakis*, 478 Pa. 454, 387 A.2d 70, 73 (1978).

On May 5, 1983 we denied defendant's motion to dismiss Counts II and III, holding that we had pendant jurisdiction over both claims and that Count III stated a claim on which relief could be granted.

## A. *Count II*

Defendant now moves, pursuant to Fed. R.Civ.P. 56, for summary judgment on Count II for three reasons, two of which were relied on at oral argument. Defendant first asserts that because plaintiff's action, when filed with the Pennsylvania Human Relations Commission, was dismissed on statute of limitations grounds, that plaintiff is now barred from judicially asserting his cause of action under the PHRA. Second, defendant argues that section 633(a) of the ADEA, 29 U.S.C. § 633(a), which provides that federal action under the ADEA shall supercede state action, applies to bar both existing and potential causes of action based on state law. Defendant's third reason in support of summary judgment on Count II is that the plaintiff's claim under the PHRA seeks exemplary damages and a jury trial, and that since this relief extends beyond the scope of relief under the ADEA, the court should not exercise pendant jurisdiction to expand the scope of relief available to plaintiff under federal law.

■ On a motion for summary judgment, the court is required to ascertain the existence of any disputed issues of material fact by viewing the record in the light most favorable to the party opposing the motion. All inferences, doubts, and issues of credibility are resolved against the party moving for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994 (1962) (per curiam); *Ely v. Hall's Motor Trans. Co.*, 590 F.2d 62, 66 (3d Cir. 1978).

We will first address defendant's argument that plaintiff is barred from proceeding judicially under the PHRA because the Commission dismissed the complaint as time-barred by the 90-day statute of limitations for filing with the Commission. 43 P.S. 959(g). We first note that the language of the section relates only to the Commission and nowhere refers to a judicial statute of limitations under the Act. For several reasons, we hold that the 90-day statute of limitations governs Commission jurisdiction over alleged violations of the PHRA.

In *Fye v. Central Transp., Inc.*, 487 Pa. 137, 409 A.2d 2 (1979), the Supreme Court of Pennsylvania held that the PHRA is not necessarily the exclusive remedy for violations set out by the Act, and that plaintiffs may have other common law remedies available to them. However, the *Fye* court held that once a complainant initiated one course of action, he could not seek relief under the other remedy. *Id.* at 140–41, 409 A.2d at 4. In *Fye*, plaintiff had filed a complaint with the PHRC, but had withdrawn the complaint, and was attempting to proceed judicially under the Act. In refusing to allow plaintiff to assert her rights judicially, the Supreme Court of Pennsylvania cited to and narrowly interpreted the language of section 962(c) of the PHRA. The Court stated,

Specifically, appellant argues that section 12(c) should be construed to permit recourse to the courts of common pleas under the facts of this case. Prior to 1974, a complainant invoking the procedure of this act was barred from seeking *any other remedy* for redress of the asserted grievance. And this rule was without exception. By the 1974 amendment to section 12, a *narrow exception* was carved in the rule of exclusivity. Section 12(c) provides that the rights of a complainant invoking the procedures under the PHRA shall not be foreclosed from resort to the courts "if within (1) year after filing a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, ..." Here, appellant's file with the PHRC was closed *at his request*, therefore neither of the con-

ditions provided by section 12(c) have been met.

409 A.2d at 4–5. (emphasis added).

Unlike the case in *Fye*, where plaintiff withdrew a complaint, in the present case, plaintiff received a letter from the Commission dismissing his complaint. The letter states, in part, "Your case is outside the *Commission's jurisdiction*, as defined by the Pennsylvania Human Relations Act, because:

> $x$ the alleged act(s) of discrimination occurred beyond the ninety (90) day period permitted by the statute of limitations."

Exhibit B, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (emphasis added). The letter continues,

> In addition, the Pennsylvania Human Relations Act as amended by Act 318, provides that upon receipt of this official notice, you may engage a private attorney as soon as possible and bring an action in the Court of Common Pleas for a judicial determination of your allegations of discrimination.

■ This clearly falls within one of the stated exceptions of 43 P.S. § 962(c), since the Commission dismissed the complaint within one year. We note at this time that the Act nowhere excludes dismissal by the Commission based on "timeliness" from the bases for subsequent judicial action. Clearly, as the letter from the Commission indicates, dismissal for failure to meet the 90-day Commission jurisdiction limitation period is accepted under section 962(c) as being a "dismissal within (1) year." We read the 90-day language as affecting only the jurisdiction of the Commission.

At oral argument, defendant brought to the court's attention the case of *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir.1982). We reserved decision on defendant's motion based on the argument that *Bruffett* was dispositive of this exact question. Defendant, in our opinion, badly misreads *Bruffett,* and has incorrectly stated its holding. In *Bruffett*, plaintiff never filed a complaint with the Human Relations Commission regarding an alleged discharge because of a physical handicap. Four counts were alleged in the complaint. Count I alleged a cause of action based on "wrongful refusal to hire." Count II alleged intentional infliction of emotional distress; Count III, that defendant's conduct violated the "public policy" of the PHRA; and Count IV, that defendant terminated plaintiff without cause or justification. In affirming the district court's dismissal of the complaint, the Third Circuit Court of Appeals held that no common law cause of action was stated, even based on public policy. The Court also noted that plaintiff's cause of action under the Act was barred by plaintiff's failure to file with the Commission within 90 days, as requested by statute. 692 F.2d at 912. Defendant in the present case reads this statement as holding that a 90-day statute of limitations applies to claims brought under the Act. However, even a cursory reading of the district court opinion, 534 F.Supp. 375 (E.D. Pa.1982) reveals that the factual basis for dismissal of this count was not the failure to file within 90 days, but the failure to file *at all.*

"Plaintiff never filed a complaint with the Pennsylvania Human Relations Commission under the Pennsylvania Human Relations Act...." 534 F.Supp. at 376. The court held

> First, to the extent that Count III is intended to state a claim for direct violation of the Act, it is barred because of plaintiff's failure to file a complaint with the Pennsylvania Human Relations Commission within 90 days of the discriminatory act as required by the statute. If, on the other hand, plaintiff's claim that Franklin's actions violated "public policy" as reflected in the Act is intended to state a common law claim parallel to but distinct from any claim existing *directly* under the Act, then the Court must dismiss the claim for the same reason that compelled dismissal of Count I and Count IV.

*Id.* at 377–78 (emphasis added). The Court of Appeals affirmed, but only discussed that aspect of the case dealing with the

"common law-public policy" claim. As is the case here, statements of law taken outside the context of the facts should be read carefully; *Bruffett* does not stand for the proposition that a 90-day statute of limitations exists for actions brought under the PHRA. The limitation period itself was not at issue in the case since plaintiff never filed. *Bruffett* held only that, consistent with the Act, a failure to first file with the Commission bars a later cause of action based directly on a provision of the Act.

We also find defendant's citation to *Davis v. Calgon,* 627 F.2d 674 (3d Cir.1980) inapposite. *Davis* held that state procedural faults do not foreclose *federal* relief, and, specifically, that "a plaintiff in a deferral state is entitled to the extended period provided by 29 U.S.C. § 626(d)(2) for filing with the Secretary of Labor, regardless of whether he has filed a state administrative complaint within 180 days after the alleged discrimination occurred." *Id.* at 677.

■ Defendant's second argument, that 29 U.S.C. § 633(a) acts to bar any actual or potential state cause of action, is unpersuasive. That section provides·

> Nothing in this chapter shall affect the jurisdiction of any agency of any state performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supercede any State action.

29 U.S.C. § 633(a) (1976). Although no state proceedings are ongoing, defendant reargues the point previously ruled on by this court in deciding whether to exercise pendent jurisdiction over the state claim. Plaintiff again cites to *Pandis v. Sikorsky Aircraft Div. of U.T.C.,* 431 F.Supp. 793 (D.Conn.1977), where the court relied on § 633(c) in declining to exercise pendent jurisdiction. Having already ruled on this issue, we will only note that district courts in this circuit have rejected the "preemption" reading of § 633(a). *See Wagner v. Sperry Univac,* 458 F.Supp. 505 (E.D.Pa.

1978). *Accord, Sussman v. Vornado, Inc.,* 90 F.R.D. 680, 689–90 (D.N.J.1981) (adopting reasoning of *Wagner* court; exercising pendent jurisdiction over state claim and noting no commencement of state court litigation).

■ Finally, we find defendant's argument, that the court should decline to exercise pendent jurisdiction because the state claim allows for relief beyond that available under the federal claim, without merit. A cause of action based on the PHRA is properly before a federal court where the federal court has decided that it may justifiably exercise pendent jurisdiction. *See Montano v. Amstar Corp.,* 502 F.Supp. 295, 297 (D.D.C.1980). We will, therefore, deny the motion as to Count II.

### B. *Count III*

We also decline to grant defendant's request for summary judgment on Count III. Without passing on the merits of this claim in any way, we note: 1) there was no written employment contract between plaintiff and defendant (Plaintiff's Response to Defendant's Request for Admissions, No. 1); and 2) plaintiff denied a Request for Admission that Quaker State has no established policy regarding termination or severance pay. (Response # 6). Since we do not feel the record, as it now exists, is adequate to rule on defendant's motion, and since we believe there are issues of fact to be resolved, we will deny the motion for summary judgment as to Count III.