**BERNARD GRIFFITH, WILBERFORCE CHARLES, JOHN**

**v.**

**PETER, OLIVER MARCELLE, JAMES THEOPHILUS GUMBS, JOHN STEDMAN, ARMANDO R. ROSA, GEORGE R. RAMOS, JOHN HUNT, FRANCIS GUIDE, BASIL RICHARDS, DAVID THOMAS, ANDRES NIEVES, GREGOR RICHELIEU, ANTHONY FATAL, THOMAS VIGILANT, CARLOS PENA, ARNOLD GREAVES, MALCOLM EVANS and DIMAS YANEZ, Plaintiffs,**

**v.**

**HESS OIL VIRGIN ISLANDS CORP. and AMERADA HESS CORP., Defendants**

Civ. No. 1995-104

Disrict Court the Virgin Islands

Div of St. Croix

May 13, 1998

LEE J. ROHN, ESQ., (Law Offices of Rohn and Cusick), *for plaintiffs*

BETH MOSS, ESQ., (Bryant, White & Barnes, P.C.), *for defendants*

Thomas K. Moore, *Chief Judge*

## MEMORANDUM

This matter is before the Court on defendants' motion to dismiss for want of subject matter jurisdiction. Defendants move in the alternative for partial summary judgment on the plaintiffs' wage and promotion discrimination claims. Because both parties have included material in their memoranda which go beyond the pleadings, the Court will treat the motion to dismiss as one for summary judgment. FED. R. CIV. P. 12(c).

The Court has general civil jurisdiction equivalent with that of a district court of the United States under Revised Organic Act of 1954 § 22, 48 U.S.C. § 1612.[1] As to the plaintiff's allegations of employment discrimination under federal law, the Court has cognizance of this case under the Employee Retirement Income Security Act [29 U.S.C. § 1001, *et. seq.*] , the Age Discrimination in Employment Act [29 U.S.C. § 621, *et. seq.*] , and Title VII of the Civil Rights Act [42 U.S.C. § 2000e-2, *et. seq.*]. Regarding the related territorial law claims, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.[2]

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1997) (preceding V.I. CODE ANN. tit. 1).

[2] "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See also Peacock v. Thomas*, 516 U.S. 349, 354, n.5, 133 L. Ed. 2d 817, 116 S. Ct. 862, (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367").

Also before the Court is defendants' motion for sanctions and plaintiffs' cross motion for sanctions following a December 11, 1997, letter from plaintiffs' counsel to the Court.

For the reasons set forth below, defendants' motions will all be denied. Plaintiffs' cross motion for sanctions will also be denied.

## I. FACTS

Plaintiffs are all black West Indian employees and former employees of defendant, Hess Oil Virgin Islands Corporation ["HOVIC"].[3] Defendant HOVIC is a Virgin Islands Corporation with its principal place of business on St. Croix; defendant Amarada Hess Corporation ["AHC"] is a foreign corporation and parent of HOVIC, with its principal place of business in Woodbridge, New Jersey.

Plaintiffs here allege that HOVIC delivered to them each a letter on March 17, 1995, notifying them of their involuntary termination effective that date. Plaintiffs further assert that these terminations were not based on plaintiffs' job performance or on other proper grounds but were instead illegally and improperly discriminatory.

In their Fourth Amended Complaint ["Complaint"], filed May 18, 1996, plaintiffs assert nine causes of action. The eighth cause of action is for illegal discrimination in employment. (Complaint at PP 97 - 98.) Plaintiffs filed their claims with the Virgin Islands government and the federal Equal Employment Opportunity Commission ["EEOC"] complaining against defendant for discrimination in the plaintiffs' termination. (Complaint at 99, and Defendants' Memorandum in Support of Motion to Dismiss ["Defendants' Memorandum"], Exhibits A-1 - A-18.)

The complaint alleges in the eighth cause of action that defendants discriminated against plaintiffs based upon their race and national origin with regard to pay scales and promotions. (Complaint at P 96.) Defendants maintain that, because plaintiffs did not raise the issue of promotion and pay discrimination in their

---

[3] It appears that some of these employees may have been rehired. *See, Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss, [" Plaintiff's Memorandum'"*, at 4 n.3.

administrative complaints, but instead asserted discrimination in their terminations, plaintiffs may not sue here for promotion and pay discrimination. This defendants claim is grounds for dismissal on the instant motion.

Following submission of the memoranda on defendants' motion to dismiss, plaintiffs' counsel wrote a letter, dated December 11, 1997, bringing to the Court's attention a recent decision on parallel facts. *Charles v. HOVIC & Amarada Hess Corp.*, Civ. No. 1994-81 (D.V.I. Dec. 8, 1997), consolidated for decision with *Rennie v. HOVIC & Amarada Hess Corp.*, Civ. No. 1994-82, and *Elmour v. HOVIC & Amarada Hess Corp.*, Civ. No. 1994-104 [*"Charles v. HOVIC"*]. Defendants objected to the letter, moved to strike this "unauthorized communication" and sought sanctions in "the high five figures." (Defendant's Memorandum on Motion to Strike, p. 2.) Plaintiffs countered with their own memorandum seeking sanctions for defendants' having "[vexatiously] multiplied the proceedings in [the] case." (Plaintiffs' Response to Defendant's Motion to Strike ["Response to Motion to Strike"], p. 4.) Plaintiffs generously left the amount of sanctions up to the Court's good discretion.

## II. APPLICATION OF LAW AND FACT

Because the Court will rely on *Charles v. HOVIC*, defendants' motion to strike the letter which brought this decision to the Court's attention, and the parties' cross-requests for sanctions must first be resolved. The motion to dismiss will then be addressed.

### A. Motion to Strike and For Sanctions

Defendants allege that, because plaintiffs' counsel did not seek permission before submitting what defendants call a "letter memorandum," the Court should not consider the letter or the attached opinion in *Charles v. HOVIC* in deciding the motion to dismiss, and, further, should impose a sanction on plaintiffs' counsel of more than $ 10,000. It is true that our local rules require leave of court to file any supplemental pleadings:

> Only a motion, a response in opposition, and a reply may be served on counsel and filed with the court; further response or reply may be made only by leave of court obtained before filing (counsel will be sanctioned for violation of this limitation).

LRCI 7.1(g).

The text of the letter on the letterhead of "The Law Offices of Rohn and Cusick" is as follows:

> ■ Dear Chief Judge Moore:
>
> Enclosed, is a copy of Judge Finch's decision in *Charles/Rennie*. The issues were *identical* to those in *Griffith*.
>
> /s/ Maurice Cusick, Esq.

This letter is not the kind of adversarial document prohibited by the rule. The statement that the issues were identical served to call the Court's attention to relevant case law decided after the filing. The same local rules remind all counsel of their ethical duty to bring to the Court's attention any relevant law, whether favorable or unfavorable to their client's position. *See*, LRCi 11.2. Thus it was as much the duty of defendants' counsel to make sure the Court was aware of this highly relevant case as it was plaintiffs' obligation. Since it was not improper for plaintiffs' counsel to bring Judge Finch's decision in *Charles* to the Court's attention here, defendants' motion to strike and for sanctions must be denied.

Next for consideration is plaintiffs' cross motion for sanctions against defendants' counsel for unreasonably and vexatiously multiplying the proceedings in the case under 28 U.S.C. § 1927. (Response to Motion to Strike at 4.) The Court notes for future reference its inherent power to sanction attorney misconduct, including the particular misconduct alleged here, which authority is separate and apart from such statutory sanctioning authority.

Sanctions under section 1927 require that the Court first find bad faith in the party's or attorney's action. *See, e.g., In Re Tutu Wells Contamination Litig.*, 37 V.I. 398, 120 F.3d 368, 379 (3d Cir. 1997) (citing *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995)). Section 1927 sanctions may

also be in order where an attorney's or party's actions are frivolous. *Prosser v. Prosser*, 34 V.I. 139, 921 F. Supp. 1428, 1435 (D.V.I. App. Div. 1996).

■ It would seem by any objective standard that a conscious and deliberate effort by an attorney of the bar of this Court to withhold highly relevant case authority from the Court would constitute bad faith. It is the antithesis of an attorney's ethical duty as an officer of the court. And this is precisely what defense counsel here sought to accomplish in her motion to strike and request that this Court ignore a decision on parallel facts by a co-equal judge of this very same Court. Having found the necessary bad faith the Court turns to the appropriate sanction.

■ Section 1927 contemplates the award of costs equivalent to the attorney fees incurred in opposing the sanctioned pleading. Such a sanction is not appropriate here, for plaintiffs' costs were *de minimus*. Plaintiffs' response to the motion to strike consisted of only a four page memorandum to which copies of the letter and the decision in *Charles* were attached. Plaintiffs did not conduct any extensive research, document production or bear any other substantial burden as a result of defendants' motion. The Court accordingly declines to impose a monetary sanction under section 1927.

Defendants' counsel does not escape sanction, however. Since it was the Court and the integrity of its deliberations which were assaulted by defense counsel's efforts to prevent this Court from considering case law directly on point, the Court will rely on its inherent power to discipline members of the bar to sanction defense counsel for her conduct here.

A court's inherent power to discipline attorneys is broad and its boundaries somewhat nebulous. *See, Tutu Wells*, 120 F.3d at 383 (citing *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 561 (3d Cir. 1985) (*en banc*)). Nonetheless, the inherent power carries with it a number of tools suitable to the task. Such tools include the power to fine, to disqualify counsel, to preclude claims or defenses, and to limit a litigant's future access to the courts. *Id.* (citing Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 28 at 440-47

(2d. ed. 1994) and *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 n.10 (3d Cir. 1994)).

■ Because of defense counsel's bad faith in attempting to prevent the Court from considering an earlier decision on parallel facts in the St. Croix Division, the Court will impose a fine of $ 500 upon defendants' counsel to be paid from her personal funds and not passed on to her clients in any form or fashion.

Since defense counsel is being sanctioned under the Court's inherent authority over those attorneys who appear before it, the proceeds of the sanction shall be used for the betterment of the bar at large, namely, for the maintenance of the Law Library of the District Court of the Virgin Islands. Counsel shall make payment to the Clerk of the Court within 10 days of entry of the order implementing this memorandum.

The Court cannot leave this subject without commenting upon the conduct of plaintiffs' counsel for the form and manner of their response comes just short of being sanctionable. Not content simply to reply to the substance of defendants' motion to strike, plaintiffs' Memorandum in Response to Defendant's Motion to Strike is littered with the kind of *ad hominem* attacks on opposing counsel which have no place in pleadings filed in this Court. *E.g.*, Response to Motion to Strike at 1 ("Defendants' motion rises to the utmost level of absurdity and abuse of the legal process."); *id.*,("[defendants' motion] is legal harassment"); *id.* at 2, ("[defendants' position] is absurd"); *id.* at 3, n.2., ("[defendants' position is an] utter misrepresentation'); and, *id.* at 4, ("[defendants' actions constitute] unbelievable demonstration of . . . 'chutzpah'"). Such language is not only unenlightening, it is unnecessary and undignified. This entire exchange between counsel exemplifies what happens when professionals allow their personal animosities to carry over into and infect the performance of their profession. The Court expects all counsel to put aside their personal differences and conduct themselves professionally in the enterprise of solving disputes through the judicial process. The Court's patience with antics such as both attorneys displayed in this case is at an end.

Sufficient warnings have been given in the past. Future lapses of this kind by any counsel will be met by the appropriate sanction.

## B. Defendant's Motion to Dismiss

The Court now disposes of defendants' motion to dismiss by first noting the remarkable similarities of the facts in this case to those of *Charles v. HOVIC*.

Plaintiffs in both cases are former HOVIC employees claiming discrimination in their termination from employment; filed discriminatory firing claims with the EEOC and, subsequently, received 'right to sue' letters; and alleged discrimination in promotions and wages in their complaints. Defendants in both cases asserted that plaintiffs' claims were barred because they had not first been raised with the EEOC, and cast their motion as one to dismiss or, in the alternative, for partial summary judgment. In both cases the parties included material beyond the pleadings, justifying treating defendants' motion as one for summary judgement.

Defendants here have also interposed the same authority relied upon in *Charles*, namely, *Gillard v. New York Public Library System*, 597 F. Supp. 1069 (S.D.N.Y. 1984). While the *Gillard* court did not permit plaintiffs to sue for discrimination in wages and promotions where their EEOC complaint was limited to discriminatory termination, this is not the settled standard applied in federal courts, as noted by Judge Finch. *See Charles* at 10 (citing *Emrick v. Bethlehem Steel Corp.*, 539 F. Supp. 653, 656 (E.D. Pa. 1982) and *Montano v. Amstar Corp.*, 502 F. Supp. 295, 296 (E.D. Pa. 1980)).

What is settled is that the parameters of a civil action for employment discrimination in district court are defined by the reasonable scope of an EEOC investigation of the incident which gave rise to the charges. *Id.* at 6 (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). Just as they did in *Charles*, plaintiffs have put forward the affidavit of Mr. Bernadin Bailey, a long-time employee of the Virgin Islands Department of Labor. (Plaintiffs' Memorandum, exhibit 1.) Mr. Bailey's affidavit makes clear that the scope of an investigation of plaintiffs' complaint would undoubtedly have included an examination of wages and

206

promotion patterns. Just as in *Charles*, defendants have failed to put forward evidence rebutting the assertions in the Bailey affidavit. For that reason, just as in *Charles*, their motion must be denied.

## III. CONCLUSION

The Court has been burdened in this case by the need to referee yet another needless wrangle between attorneys who let their personal animosities infect the judicial process. Counsel for both parties are hereby admonished that the Court's patience with such antics has ended. All counsel who practice before this Court will henceforth conduct themselves with the highest standards of propriety expected of members of their profession, and the bar of this Territory.

For the reasons set forth in the foregoing, the motion to dismiss or for summary judgment in the alternative will be denied. The motion to strike, the motion for sanctions and the cross motion for sanctions will also be denied. Sanctions in the amount of $500 are imposed, however, on counsel for the defendants, Attorney Beth Moss, under the Court's inherent authority. An appropriate order shall issue.

**ENTERED this 13th day of May, 1998.**

## ORDER

For the reasons set forth in the accompanying memorandum it is hereby

**ORDERED** that defendants' motion to dismiss be and the same is hereby **DENIED**. And it is further

**ORDERED** that defendants' motion to strike plaintiff's letter of December 11, 1997, be and the same is hereby **DENIED**. And it is further

**ORDERED** that defendants' motion for sanctions be and the same is hereby **DENIED**. And it is further

**ORDERED** that plaintiffs' cross-motion for sanctions under 28 U.S.C. § 1927 be and the same is hereby **DENIED**. And it is further

**ORDERED** that defendants' counsel is sanctioned under the Court's inherent authority in the amount of $500 payable to the Clerk of the Court for purposes of maintaining the Court's libraries.