Charles KNIGHT,

v.

**ALBERT EINSTEIN MEDICAL CENTER.**

**Civ. A. No. 90–4281.**

United States District Court, E.D. Pennsylvania.

Sept. 17, 1990.

Rosemarie Rhodes, Harper & Paul, Philadelphia, Pa., for plaintiff.

Dona Kalin, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff initiated this employment discrimination action in June 1990, alleging that defendant violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Before the court is defendant's Motion to Dismiss the claim alleging discriminatory termination under § 1981, and to strike the request for jury trial and compensatory or punitive damages under Title VII or the PHRA. For the reasons set forth herein, defendant's motion shall be granted in part and denied in part.

### Background

Plaintiff Charles Knight was a security officer who applied for, and was turned down for, promotions to a shift supervisory position and a position as acting director of security. Plaintiff alleges that defendant denied him these opportunities for promotion on the basis of his race (black) and terminated him on the basis of his race and in retaliation for having filed complaints with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), in violation of federal and state discrimination statutes. The court will examine these issues in seriatim.

I. Retaliatory termination and denial of promotion under § 1981:

Plaintiff contends that his employer violated § 1981, in denying plaintiff promotion opportunities and terminating him after he had filed complaints with the PHRC and EEOC. Defendant argues that under the United States Supreme Court decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), such allegations fail to state a cause of action under § 1981, and moves to dismiss this claim.

Section 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is

enjoyed by white citizens." In *Patterson*, the Supreme Court interpreted the scope of § 1981 as being confined to the specific categories of rights enumerated within § 1981. Section 1981 protection for the right to "make contracts" therefore extends only to the formation of contracts, and does not extend to problems that may arise after the employment relationship has begun, while protection for the right to "enforce contracts" embraces the right of access to legal process which will address and solve contract claims without regard to race, 491 U.S. at ——, 109 S.Ct. at 2373, 105 L.Ed.2d at 151. A claim for discrimination in discharge does not fall into either category of contract rights protected under § 1981. As this court stated in *Eklof v. Bramalea Ltd.*, 733 F.Supp. 935, 936 (E.D. Pa.1989) "... plaintiff's allegation ... of discrimination in her discharge is not actionable under § 1981. Discriminatory employment termination is postcontract formation conduct, not protected against by § 1981 as it does not involve the right to make or enforce a contract as those terms were defined in *Patterson*." [1]

Therefore, to the extent that the plaintiff is seeking relief under § 1981 on his claims related to termination, the court shall grant defendant's motion to dismiss plaintiff's claim under § 1981.

■ The *Patterson* Court, however, in its discussion of the circumstances in which a promotion decision might be actionable under § 1981, stated that if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer ... then the employer's refusal to enter into a contract is actionable under § 1981," *Id.* 491 U.S. at ——, 109 S.Ct. at 2377, 105 L.Ed.2d at 156. The Court further stated that in making this determination "a lower court should give a fair and natural reading to

the statutory phrase, 'the same right ... to make contracts,'" and that "only where the promotion rises to the level of a new and distinct relation between the employee and employer is such a claim actionable under § 1981," *Id.* at ——, 109 S.Ct. at 2377, 105 L.Ed.2d at 156.

This court cannot make a determination as to whether the promotions which plaintiff applied for would have constituted "a new and distinct relation between the employee and employer," without more information. Therefore, to the extent that plaintiff has any claims related to defendant's refusal to promote him on the basis of his race, the court shall deny defendant's Motion to Dismiss plaintiff's claim under § 1981.

II. Request for jury trial under Title VII and the PHRA:

■ Defendant's Motion to Strike the request for jury trial under Title VII and the PHRA is moot, as plaintiff in his brief in opposition to this motion averred that the request for jury trial was not made under Title VII or the PHRA but was instead made under § 1981. Therefore, the court shall deny defendant's Motion to Strike plaintiff's request for a jury trial.

The court notes, however, that the only claim which may be considered by a jury are plaintiff's claims for relief under § 1981 relating to defendant's refusal to promote him on the basis of his race.

III. Compensatory or Punitive Damages and Title VII:

■ Defendant's Motion to Strike the request for compensatory damages or punitive damages under Title VII is moot, as plaintiff averred in his brief in opposition to this motion that such claims were made pursuant to § 1981 and the PHRA. Therefore, the court shall deny defendant's Motion to Strike plaintiff's request for com-

---

1. Every district court within the Third Circuit that has considered the issue has held that racially motivated discharges from employment are not actionable under § 1981. See *Owens v. Foot Locker*, 1989 WL 138839 (E.D.Pa.) (allegations of discrimination occurring post-contract formation are not actionable under § 1981) *James v. Dropsie College* 1989 WL 143171 (E.D. Pa.); *Hayes v. Community Osteopathic Hospital*, 730 F.Supp. 1333 (M.D.Pa.1990); *Cook v. Marriott Corporation*, 1989 WL 149986, 2 (D.N.J. 1989) (claims which attack the conditions of employment and the employer's conduct subsequent to formation of the contract are not actionable under § 1981).

pensatory or punitive damages under Title VII. Although plaintiff did reserve the right to amend his complaint to seek such relief under Title VII if pending legislation to amend Title VII is passed and does provide retroactively for such relief, such legislation has not yet been passed. Therefore, as no compensatory or punitive damages under Title VII are currently being sought, the issue need not be discussed any further.

 IV. Compensatory or Punitive Damages and the Pennsylvania Human Relations Act (PHRA):

> Although plaintiffs in employment discrimination cases have been allowed to sue their employers for punitive damages for outrageous conduct, ... a claim for punitive damages may not be brought directly under the PHRA. Instead, where an employee alleges that he is the victim of discriminatory conduct which is truly outrageous, the proper procedure is to file a claim under PHRA for backpay or reinstatement and a separate claim for punitive damages under an intentional infliction of emotional distress theory.

*Hannah v. Philadelphia Coca–Cola Bottling Company*, 53 FEP Cases 9, 10, 1989 WL 71565 (E.D.Pa.1989).

Therefore, the court shall grant defendant's Motion to Strike the portion of plaintiff's complaint requesting punitive damages under the PHRA. The court, will, however, grant plaintiff leave to file an amended complaint should he wish to plead an independent claim for intentional infliction of emotional distress. It should be noted, however, that in order for plaintiff to sustain this cause of action, three elements must be established: (1) extreme and outrageous conduct (2) which is intentional or reckless (3) causing severe emotional distress, 53 FEP cases at 10 citing *Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307 (M.D.Pa.1988). In granting such leave to amend, however, the court expresses no opinion as to whether the facts set forth in plaintiff's complaint are sufficient to satisfy these three required elements.