Jean WELCKER

v.

SMITHKLINE BECKMAN.

Civ. A. No. 89–0866.

United States District Court, E.D. Pennsylvania.

Sept. 11, 1990.

578

Alice Ballard, Jean R. Sternlight, Samuel & Ballard, P.C., Philadelphia, Pa., for plaintiff.

Alan D. Berkowitz, Margaret A. McCausland, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

Presently before the court are the motions of defendant, Smithkline Beckman (Smithkline), for partial summary judgment, to strike plaintiff's jury demand, and to bifurcate trial. After due consideration of the memoranda filed by both parties, I will deny all the motions except the motion for partial summary judgment on compensatory damages, and the motion to strike plaintiff's jury demand under Title VII, for the reasons explained below.

## I. INTRODUCTION

Plaintiff, Jean Welcker (Welcker), alleges that Smithkline discriminated against her based on her age and sex when it underpaid her, failed to promote her, terminated her, and refused to rehire her into a vacant position. Ms. Welcker has brought suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1982) (ADEA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1982) (Title VII), the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1982), and the Pennsylvania Human Relations Act, Pa.Stat.Ann. tit. 43, §§ 951–63 (Purdon 1964 & Supp.1990) (PHRA).

Defendant has filed the current motions seeking summary judgment on plaintiff's claims for liquidated damages under the ADEA, for punitive damages under the PHRA, and for compensatory damages under the PHRA. Defendant also seeks to strike plaintiff's demand for a jury trial as it relates to her claims under Title VII and the PHRA, and to bifurcate the trial into a trial on liability and then, if liability is found, a trial on damages.

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate only if the moving party has demonstrated the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In making this analysis, the court must construe all facts and inferences in the light most favorable to the non-moving party. Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir.1987). If a reasonable jury examining the evidence could find in favor of the party opposing the motion, the moving party will not have met its burden of proof entitling it to summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Lyons v. United States Marshals, 840 F.2d 202, 204 (3d Cir.1988). I find that defendant has failed to meet this burden in its motion for summary judgment with the exception of the motion in reference to compensatory damages under the PHRA. The different grounds for summary judgment will each be discussed in turn.

## II. LIQUIDATED DAMAGES UNDER THE ADEA

Defendant argues that it is entitled to summary judgment on plaintiff's claim for liquidated damages under the ADEA because liquidated damages are only appropriate in cases of "willful" violations of the statute, 29 U.S.C. § 626(b), and defendant's conduct does not rise to the level of willfulness. Plaintiff contests the defendant's characterization of its bahavior, and asserts that defendant's action could, indeed, be found to be willful.

The Third Circuit follows the "outrageous conduct" standard in its determinations of willfulness under the ADEA.

*Dreyer v. Arco Chemical Co.*, 801 F.2d 651, 658 (3d Cir.1986), *cert. denied*, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). For liquidated damages to be awarded, "there must be some additional evidence [besides violation of the statute] of outrageous conduct." *Id.*

The court offered the criteria used by the Restatement (Second) of Torts § 908(2) in assessing punitive damages to guide assessments of the outrageousness of an employer's conduct. The fact finder should examine " 'the character of the defendant's act, [and] the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause.' " *Id.* (citing the Restatement (Second) of Torts § 908(2)).

The Third Circuit noted that it could not provide a "litany of situations that would warrant a factfinder in finding willfulness," and advocated "an ad hoc inquiry into the particular circumstances" of each case. *Id.*

In *Dreyer* and cases after it, the Third Circuit has described situations in which a fact finder could find willfulness: evidence that the employer previously violated the ADEA, or evidence that the employer acted to deprive an employee of a pension or as part of a systematic purging of older employees, *Dreyer*, 801 F.2d at 658; or evidence that an excellent performer was laid off in favor of another employee and was offered a job in bad faith, *Bruno v. W.B. Saunders, Co.*, 882 F.2d 760, 771 (3d Cir. 1989); or evidence that "an employer requested that an older employee train a young inexperienced person for [her] job prior to involuntary termination." *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 58 n. 18 (3d Cir.1989).

In the present case, viewing the facts in the light most favorable to the non-moving party, there is evidence upon which a reasonable jury could find outrageous conduct. Ms. Welcker alleges that Smithkline required her to train a younger and less experienced employee to replace her. Plaintiff's Memorandum in Response to Defendant's Motions for Partial Summary Judgment and to Strike Jury Demand at 22

(Pl. Memo). She also claims that she was an excellent performer and was terminated in favor of a younger man with performance difficulties. *Id.* at 22–23. Her memorandum contains other allegations that, if proven, could result in a finding of outrageous conduct. *Id.* at 21–23. Therefore, summary judgment in favor of the defendant is inappropriate at this stage in the case, and defendant's motion on this issue will be denied.

### III. PUNITIVE DAMAGES UNDER THE PHRA

■ Defendant asserts that punitive damages are not available under the PHRA, an argument plaintiff strongly disputes. The Pennsylvania Supreme Court has not addressed the issue, so I must examine the decisions of the federal courts interpreting Pennsylvania law, and the opinions of the lower Pennsylvania courts.

The PHRA is modeled on Title VII, *Murphy v. Cartex Corp.*, 377 Pa.Super. 181, 195, 546 A.2d 1217, 1224 (1988), which does not allow punitive or compensatory damages. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 374–75, 99 S.Ct. 2345, 2350–51, 60 L.Ed.2d 957 (1979); *Protos v. Volkswagen of Am.*, 797 F.2d 129, 138 (3d Cir.), *cert. denied*, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). But my inquiry should not be limited by Title VII because the PHRA provides relief that goes "beyond that available under the federal claim." *Nestor v. Quaker State Coca–Cola Bottling Co.*, 579 F.Supp. 289, 292 (W.D.Pa.1984).

The Pennsylvania Supreme Court found that the PHRA permits courts to award " 'legal or equitable relief,' includ[ing] damages for humiliation and mental anguish." *Pennsylvania Human Relations Comm'n v. Zamantakis*, 478 Pa. 454, 459, 387 A.2d 70, 73 (1978). While Title VII provides no such relief, the Pennsylvania Commonwealth Court has held that the PHRA contains no limitations on punitive or compensatory damages such as those found in Title VII. *Brown Transport Corp. v. Commonwealth of Pa., Pa. Human Relations Comm'n*, —— Pa.Cmwlth. ——, 578

A.2d 555 (1989). Lower Pennsylvania courts appear to award both compensatory and punitive damages for violations of the PHRA. *McCloskey v. Nu–Car Carriers, Inc.*, 387 Pa.Super. 466, 469, 564 A.2d 485, 487 (1989) (discussing fact that Court of Common Pleas of Allegheny County awarded plaintiff compensatory and punitive damages; the Superior Court reversed the award on other grounds).

Other district court opinions have upheld the possibility of punitive damages under PHRA. *Cain v. Hyatt*, 734 F.Supp. 671, 685 (E.D.Pa.1990) (cited favorably in *Hindorff v. Westinghouse Electric Corp.*, 1990 WL 74491, 1990 U.S. Dist. LEXIS 6769 (No. 89–5831) (E.D.Pa., filed June 4, 1990); *French v. Sameric Corp.*, 1989 WL 30695, 1989 U.S. Dist. LEXIS 3239 (No. 89–589) (E.D.Pa., decided March 30, 1989) (finding it "conceivable that punitive damages might be recoverable" under PHRA).

I am not persuaded by the reasoning of the opinions that hold punitive damages are not available under the PHRA. *Hannah v. Philadelphia Coca–Cola Bottling Co.*, 1989 WL 71565, 1989 U.S. Dist. LEXIS 7200 (No. 89–0699) (E.D.Pa., filed June 26, 1989); *Hoyle v. Transicoil, Inc.*, No. 85–6091, order (E.D.Pa. December 5, 1986); *Fawcett v. IDS Fin. Serv.*, 41 Fair Empl. Prac. Cas. (BNA) 589, 1986 WL 9877 (W.D.Pa. January 7, 1986); *Shaffer v. National Can Corp.*, 117 L.R.R.M. (BNA) 2062, 1984 WL 21191 (E.D.Pa. May 25, 1984). These cases do not preclude plaintiffs from recovering damages for defendants' outrageous behavior. They only deny punitive damages under the PHRA because they rely on the assertion that the plaintiff may recover for these damages under a tort claim of intentional infliction of emotional distress rather than a punitive damages claim under the PHRA.

Yet, the tort of intentional infliction of emotional distress is not so easily interchangeable with punitive damages. To make a claim for intentional infliction of emotional distress under Pennsylvania law, the plaintiff must offer medical testimony of an injury: "at the very least, existence of the alleged emotional distress must be supported by competent medical evidence." *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 197, 527 A.2d 988, 995 (1987). This reflects the tort's focus on compensating the injury to the plaintiff, rather than punishing the actions of the defendant.

Punitive damages, on the other hand, emphasize the act or conduct of the defendant, rather than the resulting harm to the plaintiff. *Rizzo v. Haines*, 520 Pa. 484, 507, 555 A.2d 58, 69 (1989). Pennsylvania law permits punitive damages to be awarded even when there are no compensatory damages because the purpose of punitive damages is to punish and deter the defendant, rather than make the plaintiff whole. *Kirkbridge v. Lisbon Contractors, Inc.*, 521 Pa. 97, 103, 555 A.2d 800, 802–803 (1989) (permitting punitive damages without compensatory damages being awarded); *International Elec. Co. v. N.S.T. Metal Prods. Co.*, 370 Pa. 213, 225, 88 A.2d 40, 46 (1952) (evidence of injuries to plaintiff such as loss of profits or counsel fees is inappropriate to present to the jury for determining punitive damages because punitive damages "are in no sense compensatory, but purely penal in nature").

Not only do the two remedies have completely distinct goals, but very different elements must be proven to warrant punitive damages as versus the intentional infliction of emotional distress. It is entirely possible that a defendant's conduct may have been so egregious that punitive damages are appropriate, but the plaintiff has not suffered a medically recognized injury such as to allow recovery under the tort of intentional infliction of emotional distress.

A final reason not to rely on the availability of intentional infliction of emotional distress to play the role of punitive damages under the PHRA is that it is unclear under Pennsylvania law whether the tort claim is barred by the Pennsylvania Workmen's Compensation Act. The Pennsylvania Supreme Court ruled that the workmen's compensation act bars claims for intentional torts. *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548 (1987). Some district court judges have held that this bar

prevents suits for the intentional infliction of emotional distress based on employers' actions that lead employees to file discrimination, harassment, Title VII and PHRA violation charges. *See e.g., Ward v. Cheltenham Township,* 1990 WL 122952, 1990 U.S. Dist. LEXIS 10983 (No. 89-6833) (E.D. Pa., filed August 21, 1990); *Ceesay v. Miller, Mason & Dickenson,* 1990 WL 121218, 1990 U.S. Dist. LEXIS 10876 (No. 90-2800) (E.D.Pa., filed August 15, 1990); *Sibley v. Faulkner Pontiac–GMC, Inc.,* 1990 WL 116226, 1990 U.S. Dist. LEXIS 10292 (E.D. Pa., filed August 8, 1990); *Glickstein v. Consolidated Freightways,* 718 F.Supp. 438 (E.D.Pa.1989); *Gonzalez v. CNA Ins. Co.,* 717 F.Supp. 1087 (E.D.Pa.1989).

It is unclear if this is the interpretation of the law that the Pennsylvania Supreme Court will ultimately adopt or, before the Pennsylvania Supreme Court decides the issue, that the Third Circuit will instruct us to follow. *Federal Rice Drug Co. v. Queen Ins. Co. of Am.,* 463 F.2d 626, 630 (3d Cir.1972) (emotional stress or harassment does not constitute an accident so as to fall under the scope of the Pennsylvania Workmen's Compensation Act). Yet, I must take notice of the fact that if it is decided that the intentional tort claim is barred by the workmen's compensation act, a plaintiff will have no remedy for a defendant's outrageous behavior if he or she cannot recover for punitive damages under the PHRA.

Defendant's argument that, even if punitive damages are available under the PHRA, its conduct does not entitle the plaintiff to recover is without merit. A fact finder could find that defendant's behavior was sufficiently outrageous to warrant awarding punitive damages for the same reasons discussed earlier that the defendant could be liable for liquidated damages under the ADEA.

Thus, because: (1) the PHRA is not limited to Title VII remedies; (2) some lower Pennsylvania courts have permitted punitive damages to be recovered under the PHRA; (3) the tort of intentional infliction of emotional distress cannot always effectively substitute for a punitive damages claim; and (4) a fact finder could find defendant's conduct outrageous, I will deny defendant's motion for partial summary judgment on the grounds that punitive damages are not available under the PHRA.

## IV. COMPENSATORY DAMAGES UNDER THE PHRA

█ Plaintiff has withdrawn her claim for compensatory damages under the PHRA. Therefore, I will grant defendant's motion for partial summary judgment on this ground.

I note that by withdrawing her compensatory damages claim, plaintiff has not forfeited her claim for punitive damages under the PHRA. In Pennsylvania, punitive damages are available even if compensatory damages are not awarded, provided that an underlying cause of action exists. *Kirkbridge v. Lisbon Contractors, Inc.,* 521 Pa. 97, 555 A.2d 800 (1989). Nominal damages are appropriate for situations "where there has been a breach of duty or infraction or invasion of a right, but no real, substantial or serious loss or injury." *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 455, 197 A.2d 721, 727 (1964). The Third Circuit has held that civil rights violations are proper grounds for an award of nominal damages. *Basista v. Weir,* 340 F.2d 74, 87–88 (3d Cir.1965). Since plaintiff may be entitled to an award of nominal damages, her claim for punitive damages is still viable.

## V. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

█ Defendant moves to strike plaintiff's demand for a jury trial under Title VII and the PHRA. Plaintiff concedes that she does not have a right to jury trial under Title VII, (Pl. Memo at 2), but argues that she is entitled to a jury trial under the PHRA.

The determination of a party's right to a jury trial is a two-step inquiry. I must first examine the statute to ascertain if the legislature intended to provide for a jury trial. Then, I must look at the seventh amendment to the United States Constitu-

tion to decide if it commands that a jury trial be provided even if the statute does not reveal such a legislative intent. *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 393 (3d Cir.1988) (citing *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)).

The Pennsylvania Supreme Court has not ruled on the issue of whether the PHRA entitles the parties to a jury trial. Some federal courts interpreting Pennsylvania law have stated that the PHRA does not provide for a jury trial as a matter of right. *Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 52 (3d Cir.1989); *Mann v. J.E. Baker Co.*, 733 F.Supp. 885 (M.D.Pa. 1990); *Hannah v. Philadelphia Coca–Cola Bottling Co.*, 1989 WL 71565, 1989 U.S. Dist. LEXIS 7200 (No. 89–0699) (E.D.Pa., filed June 26, 1989); *Cahall v. Westinghouse Elec. Corp.*, No. 86–4183, Slip Op., 1986 WL 14208 (E.D.Pa., Dec. 12, 1986).

The Pennsylvania Superior Court performed a detailed analysis of the history of the Pennsylvania constitution and the legislative background of the PHRA and concluded that the act did not create a right to jury trial. *Murphy v. Cartex Corp.*, 377 Pa.Super. 181, 192–195, 546 A.2d 1217, 1222–24 (1988). Many references to common pleas court proceedings involving PHRA claims state that they were non-jury trials. *See e.g., Hanson v. Com., Dep't of Transp.*, 130 Pa.Cmwlth. 499, 568 A.2d 991, 993 (1990) (non-jury trial in Dauphin County Court of Common Pleas); *Small v. Columbia Gas of Pa., Inc.*, 363 Pa.Super. 61, 64, 525 A.2d 424, 425 (1987) (York County Court of Common Pleas non-jury trial); *McCloskey v. Nu–Car Carriers, Inc.*, 387 Pa.Super. 466, 469, 564 A.2d 485, 487 (1989) (Allegheny County Court of Common Pleas non-jury trial).

Even if the PHRA would not provide for a jury trial in state court, my inquiry cannot end there. Under the seventh amendment, when a statute gives rise to a claim for legal relief, even if that claim is joined with one for equitable relief, the right to a jury trial on the legal claims exists. *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 1839, 95 L.Ed.2d 365 (1987); *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974). Thus, a claimant who might not be granted a jury trial on an alleged violation of state law if he or she were in state court is nevertheless entitled to a jury trial on that same claim if he or she is in federal court, provided the claim is one for legal relief. *Byrd v. Blue Ridge Elec. Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Reiner v. New Jersey*, 732 F.Supp. 530, 534 (D.N.J.1990) (holding that even though New Jersey Supreme Court found that state antidiscrimination law did not entitle party to jury trial in state court, jury trial was still provided as matter of right in federal court).

My inquiry must focus on whether the PHRA provides legal relief because, if it does, Ms. Welcker is entitled to a jury trial under the seventh amendment.

Punitive damages are clearly established to be legal relief. *Tull*, 107 S.Ct. at 1839 n. 7; *Curtis*, 415 U.S. at 197, 94 S.Ct. at 1010. Because I have held that the PHRA entitles Ms. Welcker to punitive damages, a jury trial must be given to her as a matter of right.

Another ground, besides punitive damages, exists for showing that the PHRA provides for legal relief. The law states that courts may award "any other *legal* or equitable relief as the court deems appropriate." Pa.Stat.Ann. tit. 43 § 962(c) (Purdon Supp.1990) (emphasis added). The United States Supreme Court has held that "[t]he word 'legal' is a term of art" entitling the parties to a jury trial when the legislature uses it in a statute. *Lorillard, a Division of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 583, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978). *See also Lehman v. Nebraska*, 453 U.S. 156, 163, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (interpreting *Lorillard*). In *Lorillard*, the Supreme Court found a right to jury trial based on the wording of the ADEA, a statute which uses similar language as the PHRA and awards " 'such legal or equitable relief as will effectuate the purposes of' the ADEA," *Lorillard*, 434 U.S. at 579, 98 S.Ct. at 869.

Courts discussing the PHRA have stated that it provides for legal relief. *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 436–437 (3d Cir.1987). The Pennsylvania Supreme Court held that the phrase "legal and equitable relief" encompassed an award of damages for humiliation and mental anguish. *Pennsylvania Human Relations Comm'n v. Zamantakis*, 478 Pa. 454, 459, 387 A.2d 70 (1978). Even *Murphy* which found that the PHRA did not provide for a jury trial noted that "legal relief may be awarded by the court" under the PHRA. *Murphy*, 377 Pa.Super. at 194, 546 A.2d 1223.

Thus, even if punitive damages were not available under the PHRA, Ms. Welcker would still be entitled to a jury trial because the language of the statute and court interpretations reveal that the statute provides legal relief. Under the seventh amendment, a jury trial is a matter of right in a claim for legal relief in federal court. For this reason, I will deny defendant's motion to strike plaintiff's motion for a jury trial under the PHRA.

## VI. DEFENDANT'S MOTION TO BIFURCATE TRIAL

■ Defendant has filed a motion pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate the trial so that the issues of liability and damages will be tried separately. Plaintiff opposes the motion on the grounds that bifurcation is unnecessary and counterproductive.

As both parties note, the district court has broad discretion whether or not to order bifurcation. *Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir.1972). The Third Circuit has held, however, that bifurcation is " 'not to be routinely ordered' ". *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir.), *cert. denied*, 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 346 (1978).

I do not find that there is any necessity to bifurcate this trial. Attorneys for both parties estimate that the case will only take four days to try. Plaintiff's Memorandum of Law in Opposition of Defendant's Motion to Bifurcate Trial at 1. Many of the issues and testimony relate to both liability and damages. *Id.* at 6. Thus bifurcation would probably result in duplicative testimony, rather than a saving of time. I will deny defendant's motion for bifurcation.

## VII. CONCLUSION

In sum, I will deny defendant's motion for partial summary judgment on liquidated damages under the ADEA because a jury could find the defendant's behavior meets the "outrageous conduct" standard used by the Third Circuit in determining willfulness. I will deny defendant's motion for partial summary judgment on punitive damages under the PHRA because I find punitive damages are available under the PHRA and defendant's actions could be found to be outrageous. I will grant defendant's motion for partial summary judgment on compensatory damages under the PHRA because plaintiff has withdrawn her claim for compensatory damages. I will grant defendant's motion to strike plaintiff's demand for a jury trial under Title VII because, as plaintiff concedes, she is not entitled to a jury trial under Title VII. I will deny defendant's motion to strike plaintiff's demand for a jury trial under the PHRA because, since the PHRA provides for and plaintiff seeks legal relief, plaintiff is entitled to a jury trial under the seventh amendment. Finally, I will deny defendant's motion to bifurcate trial because bifurcation does not appear to serve any legitimate purpose in this case.