Maureen **GALEONE**

v.

## AMERICAN PACKAGING CORPORATION.

### Civ. A. No. 90–6108.

United States District Court, E.D. Pennsylvania.

May 14, 1991.

Patricia V. Pierce, Philadelphia, Pa., for plaintiff.

Caren Eleana Idele Naidoff, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., Ronald H. Surkin, Rose Tree Corporate Center, Media, Pa., for defendant.

### MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Presently before me is the motion of the defendant American Packaging Corporation to strike the claim for liquidated and special damages requested in Count I, to dismiss Count II, and to strike the demand for punitive damages and a jury trial in Count III (Document No. 5). For the reasons outlined below, I shall grant the motions to strike the liquidated and special damages claimed in Count I, but shall deny the motion to strike the punitive damages

and jury demand requested in Count III. The motion to dismiss Count II is moot in view of plaintiff's request that it be withdrawn.

### BACKGROUND

In this lawsuit, plaintiff Maureen Galeone asserts that her termination violated both federal and state anti-discrimination statutes. In Count I, plaintiff asserts that alleged acts and omissions of the defendant constitute unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.* (1982)[1]. *See* Plaintiff's Complaint, ¶¶ 37–38 (Document No. 1). Plaintiff requests reinstatement with backpay and all other benefits, and additional relief in the form of liquidated damages and special damages. *Id.*, ¶ 38. Before it was withdrawn, Count II asserted a common law claim for wrongful discharge. *Id.*, ¶¶ 39–40. In Count III, plaintiff asserts her discharge violated the Pennsylvania Human Relations Act (PHRA), Pa.Stat.Ann. Tit. 43, §§ 951–63 (Purdon 1964 & Supp.1990). Under that Count she requests compensatory and punitive damages, in addition to reinstatement with backpay and other benefits. *Id.*, ¶¶ 41–42. Finally, at the end of her prayer for relief in Count III, plaintiff demands a jury trial on Count III. *Id.*

Defendant moves, pursuant to Fed.R. Civ.P. 12(f), to strike that portion of Counts I that requests liquidated and special damages and to strike the punitive damages and jury trial requested in Count III. *See* Defendant's Motion to Dismiss and Strike at 2 (Document No. 5).

### DISCUSSION

█ Plaintiff concedes that the liquidated and/or special damages claimed in Count I are not available at this time, but seeks to preserve this issue in anticipation of the passage of the proposed legislative amendments to Title VII. I find plaintiff's arguments speculative and shall grant defendant's request to strike the request for liquidated and special damages because at

---

**1.** Jurisdiction in this action is based on the presence of a federal question, 28 U.S.C. § 1331. Pendant jurisdiction is exercised over the state

law claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

the present time Title VII only provides for equitable remedies and not for compensatory or punitive damages. *Protos v. Volkswagen of America, Inc.,* 797 F.2d 129, 138 (3d Cir.), *cert. denied,* 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986); *See also* Defendant's Motion to Dismiss or Strike (Document No. 5); Plaintiff's Reply to the Defendant's Motion to Dismiss or Strike (Document No. 6). Plaintiff withdrew Count II after conceding that the statutory remedy provided by the PHRA is the exclusive remedy for her state claim for wrongful discharge. *Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221 (3d Cir.1984). *See* Defendant's Motion to Dismiss or Strike; Plaintiff's Reply to the Defendant's Motion to Dismiss or Strike. The request of plaintiff to withdraw Count II shall be granted. The two issues that remain unresolved are whether punitive damage claims and a trial by jury are permitted under the PHRA.

*PUNITIVE DAMAGES*

Defendant argues that exemplary or punitive damages are not available under the PHRA. *See* Defendant's Motion to Dismiss or Strike (Document No. 5) and Defendant's Reply Brief Concerning its Motion to Dismiss or Strike (Document No. 9). Plaintiff disputes this and asserts that she is entitled to both compensatory and punitive damages because the PHRA provides for both "legal and equitable relief." *See* Plaintiff's Reply to Defendant's Motion to Dismiss and Memorandum of Law in Support of Her Reply to Defendant's Motion to Dismiss (Document No. 6) and Plaintiff's Answer to Defendant's Reply Brief Concerning Its Motion to Dismiss or Strike (Document No. 13).

The Pennsylvania Supreme Court, while never directly addressing the issue of punitive damages under the PHRA, has implied that such damages would be permitted.

*See Pennsylvania Human Relations Com. v. Zamantakis,* 478 Pa. 454, 387 A.2d 70, 73 (1978). ("Referring to the language of PHRA, the Court stated that 'Legal or equitable relief' includes damages for humiliation and mental anguish.")[2] The majority of cases interpreting the availability of punitive damages in a PHRA action are federal. Before September 1990, there was a split in federal courts on this issue. Several district court opinions held that punitive damages were not available under PHRA. *Knight v. Albert Einstein Medical Center,* 748 F.Supp. 280 (E.D.Pa.1990). *Hannah v. Philadelphia Coca-Cola Bottling Co.,* 53 FEP Cases 9, 1989 WL 71565 (E.D.Pa. June 23, 1989); *Hoyle v. Transicoil, Inc.,* No. 85-6091, order (E.D.Pa. December 5, 1986); *Fawcett v. IDS Financial Services, Inc.,* 41 Fair Empl.Prac.Cas. (BNA) 589, 1986 WL 9877 (W.D.Pa. January 7, 1986); *Shaffer v. National Can Corp.,* 117 LRRM (BNA) 2062, 1984 WL 21191 (E.D.Pa. May 25, 1984). Other district court opinions upheld the possibility of punitive damages under the PHRA. *Hindorff v. Westinghouse Electric Corp.,* 1990 WL 74491, 1990 U.S.Dist.LEXIS 6769 (No. 89-5831) (E.D.Pa. June 4, 1990); *Cain v. Hyatt,* 734 F.Supp. 671 (E.D.Pa.1990); *French v. Sameric Corp.,* 1989 WL 30695, 1989 U.S.Dist.LEXIS 3239 (No. 89-589) (E.D.Pa. March 30, 1989).

Since September 1990, however, most federal courts examining this issue have allowed punitive damage claims to remain in PHRA actions after predicting the Pennsylvania Supreme Court would rule that punitive damages may be imposed under the PHRA. *Robin Lubin v. American Packaging Corporation,* 760 F.Supp. 450 (E.D.Pa.1991); *Keck v. Commercial Union Insurance Corporation,* 758 F.Supp. 1034 (M.D.Pa.1991); *Rice v. Smith Kline &*

---

**2.** Other courts in Pennsylvania have touched on this issue either directly or by implication. *See Schweitzer v. Rockwell International,* —— Pa.Super. ——, 586 A.2d 383 (Pa.Super.1990) (Citing *Zamantakis* with approval); *McCloskey v. Nu-Car Carriers, Inc.,* 387 Pa.Super. 466, 564 A.2d 485 (1989) (trial court awarded compensatory and punitive damages; Superior Court reversed on other grounds without reaching the issue of

punitive damages); *Jenks v. Avco Corporation,* 340 Pa.Super. 542, 490 A.2d 912 (1985) (Damage award under PHRA was affirmed); *Brown Transport Corp. v. Commonwealth, Pennsylvania Human Relations Commission,* 133 Pa. Cmwlth. 545, 578 A.2d 555, 562 (1990) (Court found "no error in the PHRC's award of damages.").

*French,* 1991 WL 16665 (E.D.Pa. February 7, 1991); *Walsh v. SmithKline Beckman,* 1990 WL 191942 (E.D.Pa. December 3, 1990); *Welcker v. Beckman,* 746 F.Supp. 576 (E.D.Pa.1990) (September 11, 1990).[3]

■■■ In resolving the issue of punitive damages in this case, I find the reasoning of the more recent decisions persuasive. In particular, the *Welcker* decision, which thoroughly assessed the basis for the opposing views and concluded that punitive damages are available under the PHRA for the following reasons:

(1) the PHRA is not limited to Title VII remedies;

(2) some lower Pennsylvania courts have permitted punitive damages to be recovered under the PHRA;

(3) the tort of intentional infliction of emotional distress cannot always effectively substitute for a punitive damages claim; and

(4) a fact finder could find defendant's conduct outrageous.

*See Welcker,* 746 F.Supp. at 579–581. For similar reasons, I conclude that defendant's motion to strike the plaintiff's claim in Count III for punitive damages under the PHRA shall be denied.

## JURY DEMAND

As with the issue of punitive damages under the PHRA, the issue of whether a plaintiff has a right to a jury trial under the PHRA is only recently being addressed. In the state courts, only the Pennsylvania Superior Court in *Murphy v. Cartex Corporation,* 377 Pa.Super. 181, 546 A.2d 1217

(1988), has dealt with this issue directly. In that case, the Superior Court held that there was no right to a jury trial under the PHRA. *Murphy,* 546 A.2d at 1224.

The Superior Court reasoned that "the Pennsylvania Constitution only preserves the right to trial by jury in those cases where it existed at the time the constitution was adopted," *Id.* at 1222, and further stated that "[j]ury trials are not available in proceedings created by statute unless the statute expressly or impliedly so provides." *Id.* Applying these two rules, the court found the PHRA and the rights it created did not exist at the time of the constitution's adoption, and that, as a matter of statutory interpretation, there is no express or implied right to a jury trial. *Id.* at 1223. Finally, the court noted that the legislature modeled the PHRA after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* aware of the fact that Title VII did not provide for jury trials. The Superior Court found, consequently, no right to a jury trial under the PHRA. *Id.* at 1224.

■■■ I do not adopt the holding of *Murphy* for several reasons: First, the *Murphy* court did not address a key wording difference between the remedial sections of the PHRA and Title VII.[4] Second, while it is true that the PHRA was modeled after Title VII,[5] it has also been recognized that the Pennsylvania courts' interpretation of the PHRA is not restricted by the federal courts' interpretation of Title VII.[6] And third, there is a substantial amount of authority concluding that where "legal relief"

---

3. Only one decision since September, 1990 has been found which held that punitive damages were not available under PHRA. *Knight v. Albert Einstein Medical Center,* 748 F.Supp. 280 (E.D.Pa.1990). This opinion has been discredited as a result of *Walsh v. SmithKline Beckman, supra.* In *Walsh,* the Honorable Clarence C. Newcomer stated that "[t]his court is declining to follow [his own opinion in] *Knight v. Einstein,* in light of recent decisions that were not available at the time that decision was rendered." *Walsh, supra,* fn. 5.

4. The remedial section of the PHRA provides for "any other **legal or equitable relief** as the court deems appropriate." 43 P.S. § 962(c) (emphasis added). The remedial section of Ti-

tle VII provides for "any other **equitable relief** as the court deems appropriate." 42 U.S.C. § 2000e–5(g) (emphasis added).

5. *Welcker v. Beckman,* 746 F.Supp. 576 (E.D.Pa. 1990); *Hannah v. Philadelphia Coca–Cola Bottling Co.,* 53 FEP Cases 9 (E.D.Pa. June 23, 1989); *Murphy v. Cartex Corporation,* 377 Pa.Super. 181, 546 A.2d 1217 (1988).

6. *Welcker v. SmithKline Beckman,* 746 F.Supp. 576 (E.D.Pa.1990); *Nestor v. Quaker State Coca–Cola Bottling Company,* 579 F.Supp. 289 (W.D. Pa.1984); *Harrisburg School District v. Commonwealth, Pennsylvania Human Relations Com.,* 77 Pa.Comwlth. 594, 466 A.2d 760 (1983).

is provided by statute, there is a right to a jury trial.[7]

Instead, applying the two part analysis established by the Third Circuit Court of Appeals in *Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir.1988), I have decided that a jury trial is provided for by the PHRA. Under the two step analysis in *Cox*, initially the language and legislative history to the statute must be examined. Then, if the statutory analysis does not reveal a legislative intent to provide a jury trial, the Seventh Amendment to the United States Constitution "must be examined to determine if it commands that a jury trial be provided." *Cox*, 861 F.2d at 393.

The legislative history of the PHRA does not assist with interpretation, but, the language of the statute itself indicates the legislature's intent. Specifically, the Pennsylvania Legislative when it enacted the PHRA chose to add the term "legal" to the Act's remedial section, 43 P.S. § 962(c), rather than strictly adopt Title VII's wording, which provided only for "equitable relief." The inclusion of "legal" *or* "equitable relief" cannot be ignored.

While the aim and substance of the PHRA is similar to that of Title VII, the Pennsylvania Legislature did not duplicate its remedies section in the PHRA. Instead, it chose for its remedies section the same phrase found in the Age Discrimination in Employment Act (ADEA), section 7(b), 29 U.S.C. § 626(b)—i.e., "legal or equitable relief." I presume that the legislature intended the term be construed in light of its common and approved usage.[8]

When the United States Supreme Court interpreted the words "legal and equitable" as used in the remedies section of ADEA in *Lorillard, Div. of Loew's Theaters, Inc. v. Pons*, 434 U.S. 575, 583, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978), the Court inferred that "by providing for "legal" relief, Congress knew the significance of the term "legal," and intended that there would be a jury trial on demand ..." ("In cases in which *legal* relief is available and *legal* rights are determined, the Seventh Amendment provides a right to jury trial." (emphasis added) 434 U.S. at 583, 98 S.Ct. at 871 (citing *Curtis v. Loether*, 415 U.S. 189, 195–196, 94 S.Ct. 1005, 1008–1009, 39 L.Ed.2d 260 (1974)).). Thus, the language used leads me to conclude that the Pennsylvania Legislature intended there would be a right to a jury trial under the PHRA.

In addition, in view of my finding that the PHRA gives rise to a claim for punitive damages, a form of legal relief traditionally issued by courts of law, Seventh Amendment rights are implicated. *Tull*, 481 U.S. at 422, 107 S.Ct. at 1838 (citing *Curtis*, "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." 415 U.S. at 194, 94 S.Ct. at 1008).

Accordingly, having concluded that the Pennsylvania Supreme Court will interpret the PHRA to provide for legal relief, and finding that the plaintiff seeks such legal

---

7. Under the Seventh Amendment, when a statute provides for a claim for legal relief, the right to a jury trial remains intact. *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987); *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Byrd v. Blue Ridge Electric Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Robin Lubin v. American Packaging Corporation*, 760 F.Supp. 450 (E.D.Pa.1991); *Walsh v. SmithKline Beckman*, 1990 WL 191942 (E.D.Pa. December 3, 1990); *Welcker v. Beckman*, 746 F.Supp. 576 (E.D.Pa. 1990); *Reiner v. New Jersey*, 732 F.Supp. 530 (D.N.J.1990).

8. Indeed, the Superior Court of Pennsylvania has stated:

"[i]t is a well-established rule of construction that the Legislature is presumed not to have intended provisions in its laws as mere surplusage. Courts must therefore construe a statute, if possible, so as to give effect to every word, sentence, or provision of the statute.... A second well-established rule of construction is that in construing a statute, courts must construe the statute's words and phrases ... according to rules of grammar and according to their common and approved usage."

*Lukus v. Westinghouse Electric Corporation*, 276 Pa.Superior Ct. 232, 262, 419 A.2d 431 (1980) (citations omitted).

relief under Count III, I conclude that the plaintiff is entitled to a jury trial on Count III under the PHRA and the Seventh Amendment of the United States Constitution. Consequently, defendant's motion to strike plaintiff's demand for a jury trial on the grounds that a jury trial is not available to the plaintiff on his PHRA claim shall be denied.

*CONCLUSION*

For the foregoing reasons, the defendant's motion to strike the punitive damages claim and jury demand from Count III shall be denied. Plaintiff's request to withdraw Count II and defendant's motion to strike the liquidated and special damages claim from Count I shall be granted.