**John J. FAHY, Sandra E. Clarke Fahy, Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant.**

No. 3:CV–94–343.

United States District Court, M.D. Pennsylvania.

April 13, 1995.

Laurence M. Kelly, Montrose, PA, for plaintiffs.

Bradford H. Charles, Mary H. Burchik, Lebanon, PA, for defendant.

## MEMORANDUM

VANASKIE, District Judge.

This is an action under an insurance policy arising out of a fire that destroyed the home of John J. and Sandra E. Clarke Fahy. In addition to seeking recovery of amounts allegedly due under the fire insurance policy the Fahys had purchased from Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), the Fahys seek relief under 42 Pa.C.S.A. § 8371, which provides that "if the court finds that the insurer has acted in bad faith toward the insured," it may award prejudgment interest, punitive damages, court costs, and attorneys' fees.

Nationwide has moved for a determination that the Fahys are not entitled to a jury trial on their "bad faith" claim under 42 Pa.C.S.A. § 8371. (Docket Entry 34.) Because the punitive damages authorized by § 8371 is a form of relief typically within the province of a jury, the Seventh Amendment to the United States Constitution entitles the Fahys to a jury determination of whether Nationwide acted in bad faith and whether punitive damages should be imposed against Nationwide. *See Younis Bros. & Co. v. CIG-NA Worldwide Ins. Co.*, 1994 WL 645807, 1994 U.S. Dist. LEXIS 16308 (E.D.Pa. Nov. 16, 1994). Accordingly, Nationwide's "Motion for Bench Trial" (Dkt. Entry 34) will be denied.

## BACKGROUND

The Fahys' home, located in Friendsville, Susquehanna County, Pennsylvania, was destroyed by a fire that occurred on September 13, 1993. Upon receipt of the Fahys' claim for insurance proceeds, Nationwide retained an expert to investigate the cause of the fire. By letter dated February 15, 1994, Nationwide informed the Fahys that it was denying

their claim based upon their policy's intentional act exclusion.

This action was filed on March 10, 1994. Based upon information gathered through discovery, Nationwide reversed its denial of coverage and tendered payment to the Fahys in an amount in excess of $110,000.

The Fahys maintain that Nationwide acted in bad faith in the handling of their claim. They seek relief pursuant to 42 Pa.C.S.A. § 8371, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

### DISCUSSION

■ Nationwide's Motion for Bench Trial implicates the Seventh Amendment to the United States Constitution, which in pertinent part provides that "[i]n suits at common law, where the value in controversy shall exceed Twenty Dollars, the right of trial by jury shall be preserved...." The Supreme Court has held that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). Moreover, the right to a jury trial in federal court on a state statutory claim is determined as a matter of federal law. *See Reiner v. New Jersey,* 732 F.Supp. 530, 531 (D.N.J.1990). Thus, it is possible that a plaintiff who may not have a right to a jury trial on a purported violation of state law if he or she were in state court may be entitled to a jury trial on the same claim in federal court. *See Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,*

356 U.S. 525, 537–38, 78 S.Ct. 893, 900–01, 2 L.Ed.2d 953 (1958); *Welcker v. Smithkline Beckman,* 746 F.Supp. 576, 582 (E.D.Pa. 1990).

While the question of whether there is a right to a jury trial in federal court on a claim under 42 Pa.C.S.A. § 8371 has apparently not been addressed in any reported appellate court decision, at least two district court judges have ruled that there is indeed a right to a jury trial on such claims. Judge Joyner of the Eastern District of Pennsylvania addressed the issue in *Thomson v. Prudential Property & Casualty Ins. Co.,* 1992 WL 210088, 1992 U.S. Dist. LEXIS 12627 (E.D.Pa. Aug. 24, 1992). Employing the two-part test set forth in *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 393 (3rd Cir.1988), Judge Joyner concluded that the Pennsylvania General Assembly did not intend to have a jury hear and decide claims under § 8371. Judge Joyner, however, recognized that under applicable Supreme Court precedent a party would still be entitled to a jury trial if the relief afforded by the state legislature was "legal in nature," *i.e.,* the type of remedy that historically had been afforded by a court of law as opposed to a court of equity. *See Tull v. United States,* 481 U.S. 412, 422, 107 S.Ct. 1831, 1838, 95 L.Ed.2d 365 (1987); *Curtis v. Loether,* 415 U.S. at 195–96, 94 S.Ct. at 1008–09. Because the plaintiff sought relief in the form of compensatory and punitive damages, which have typically been the province of a court of law, Judge Joyner determined that the plaintiff was entitled to a trial by jury. He explained:

> [E]ven though Pennsylvania state law explicitly states that a § 8371 action for bad faith and corresponding damages is to be decided by the Court, the mandates of the Seventh Amendment cannot be ignored and plaintiff's request to have this issue presented to a jury must be granted.

1992 WL 210088, *4, 1992 U.S. Dist. LEXIS 12627, *11.

Judge O'Neill addressed the right to a jury trial in *Younis Bros. & Co. v. CIGNA Worldwide Ins. Co.,* 1994 WL 645807, 1994 U.S. Dist. LEXIS 16308 (E.D.Pa. Nov. 16, 1994). He also concluded that § 8371 does not create a right to a jury trial, but nonetheless

found that the Seventh Amendment extended to the punitive damage relief authorized by the Pennsylvania General Assembly. This conclusion was premised upon the fact that the most important inquiry under the Seventh Amendment is the nature of the remedy sought, *see Wooddell v. IBEW, Local 71,* 502 U.S. 93, 96–98, 112 S.Ct. 494, 497–98, 116 L.Ed.2d 419, 427 (1991); *Hill v. Winn–Dixie Stores, Inc.,* 934 F.2d 1518, 1524 (11th Cir. 1991), and " 'remedies intended to punish culpable individuals . . . are issued by courts of law, not courts of equity.' " 1994 WL 645807, *6, 1994 U.S. Dist. LEXIS 16308, *21, *quoting Tull,* 481 U.S. at 422, 107 S.Ct. at 1838. Judge O'Neill also concluded, however, that because prejudgment interest, attorneys' fees, and litigation costs historically have been recognized as equitable remedies, the plaintiff was not entitled to have a jury award damages for those items of relief. *Id.* 1994 WL 645807, *7, 1994 U.S.Dist. LEXIS 16308, *26. Instead, whether such relief should be awarded remains within the discretion of the trial court, subject to the jury's findings on the factual question of whether the insurer acted in bad faith. *See Roebuck v. Drexel University,* 852 F.2d 715, 737–38 (3rd Cir.1988) (jury's findings on a claim under 42 U.S.C. § 1981 binding on the trial court with respect to the plaintiff's claims under Title VII of the Civil Rights Act of 1964).

I concur with Judge O'Neill's analysis. As he recognized, punitive damages represent a form of relief offered in courts of law. *See Welcker,* 746 F.Supp. at 582 (punitive damages available under the Pennsylvania Human Relations Act to be determined by a jury). The fact that § 8371 states that "the court" may award punitive damages does not alter this conclusion. Indeed, in *Curtis,* the

Court held that there was a right to a jury trial where the relief sought included punitive damages under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3 601, *et seq.,* which provided that *"[t]he court may* grant as relief . . . not more than One Thousand Dollars punitive damages. . . ." 42 U.S.C. § 3612(c) (emphasis added). The Supreme Court has also ruled that liability for statutory *civil penalties* is within the province of the jury, and not the trial court. *See Tull,* 481 U.S. at 422–25, 107 S.Ct. at 1838–40.[1]

While punitive damages is a form of relief that is legal in nature, prejudgment interest in the context of a "bad faith" claim is more properly regarded as equitable in nature. For example, in *In re Kenin's Trust Estate,* 343 Pa. 549, 565, 23 A.2d 837, 845 (1942), the court observed that "the safest way for a court of law *or* equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing." (Emphasis added.) Although prejudgment interest may be awardable as a matter of right on a breach of contract claim for a liquidated sum, *see C. McCormick, Handbook of the Law of Damages* § 51 (1935), it does not follow that prejudgment interest should be regarded as a form of relief that is legal in nature under the circumstances presented here. On the contrary, § 8371 makes clear that the prejudgment interest authorized by the General Assembly is of the nature that historically had been committed to the discretion of the trial court. Moreover, it is significant that federal decisional law has historically recognized that prejudgment interest is equitable in nature. As explained in *Thomas v. Duralite Co.,* 524 F.2d 577, 589 (3rd Cir.1975), "[i]nterest is not to be recovered merely as

---

1. In *Tull,* the Court also held that the *amount* of civil penalties was to be determined by the trial court, and not by the jury. The Court noted that "[t]he Seventh Amendment is silent on the question whether a jury must determine the remedy in a trial in which it must determine liability." *Id.* at 425–26, 107 S.Ct. at 1840. Because the assessment of civil penalties was not considered to be a "fundamental element of a jury trial," the Court ruled that the trial court should determine the amount of the penalty, if any.

The parties in this case have not addressed the question of whether the determination of the

amount of punitive damages is "an essential function of a jury trial. . . ." *Id.* at 427, 107 S.Ct. at 1840. My independent research has not disclosed any case that has held that the assessment of the amount of punitive damages should be made by the court as opposed to the jury. In light of the holding in *Curtis* and in the absence of contrary authority, I believe it is appropriate to reserve to the jury in this case both the determination of liability for and the amount of punitive damages, if any are to be awarded.

compensation for money withheld but, rather, in response to considerations of fairness. It should not be imposed when its exaction would be inequitable."

Also to be regarded as relief of an equitable nature is the assessment of court costs and attorney fees. For example, in *First Pennsylvania Bank v. National Union Fire Ins. Co.*, 397 Pa.Super. 612, 580 A.2d 799 (1990), the court recognized that an award of attorneys' fees and costs in a declaratory judgment action to determine an insurer's duty to defend should be based on " 'considerations of equity and good conscience.' " *Id.* at 620, 580 A.2d 799. *See also Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir.1991) ("the Seventh Amendment does not guaranty a trial by jury to determine the amount of reasonable attorneys' fees").

■ That some of the relief authorized by § 8371 is not regarded from a historical perspective as legal in nature does not mean that a jury trial on the claims that are legal in nature is foreclosed. "Under the Seventh Amendment, when a statute gives rise to a claim for legal relief, even if that claim is joined with one for equitable relief, the right to a jury trial on the legal claim exists." *Welcker*, 746 F.Supp. at 582. Indeed, the right to a jury trial "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis*, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11.[2]

■ Nationwide cited several district court cases which held that the trial court, and not the jury, was to determine whether an insurer had acted in bad faith. *See, e.g., Giampa v. State Farm Ins. Co.*, 1993 WL 505614, 1993 U.S. Dist. LEXIS 17212 (E.D.Pa. Dec. 8, 1993); *Gilderman v. State Farm Ins. Co.*, 1991 WL 276017, 1991 U.S. Dist. LEXIS 18481 (E.D.Pa. December 18, 1991); *Carson v. ITT Hartford Ins. Group*, 1991 WL 147469, 1991 U.S. Dist. LEXIS 10451 (E.D.Pa. July 24, 1991). Significantly, each of these cases was decided in the context of a decision to remand the case on the ground that the amount in controversy requirement for diversity jurisdiction had not been satisfied. Judge Dalzell in *Giampa*, and Judge Waldman in *Gilderman* and *Carson*, buttressed their determinations that the amount in controversy requirement could not be satisfied by their conclusions that the trial court would ultimately determine whether a claim for punitive damages had been presented. Neither Judge Dalzell nor Judge Waldman, however, considered the Seventh Amendment implications of their rulings. Instead, the rulings are premised upon a straightforward reading of § 8371, which does commit the bad faith determination to the trial court. But, as noted above, under applicable Supreme Court precedents, the Seventh Amendment right cannot be defeated by a legislature's relegation of punitive damage claims to the trial court as opposed to a jury.[3]

Accordingly, because the cases upon which Nationwide relies fail to approach the matter as required by *Cox v. Keystone Carbon Co.*, 861 F.2d at 393, they are not persuasive. Those cases that have employed the *Cox* analysis have concluded that the insurer's bad faith and liability for punitive damages is to be determined by a jury. I believe that such cases are persuasive and therefore deny Nationwide's Motion for Bench Trial. An appropriate Order is attached.

## ORDER

**NOW, THIS 13th DAY OF APRIL, 1995,** for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Bench Trial (Dkt. Entry 34) is **DENIED.**

---

2. It is not unusual to proceed to trial on claims to be decided by a jury and separate claims to be decided by the court. It should be noted, however, that the jury's findings of fact are to be regarded as binding on the court. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1483 (3rd Cir.1990); *Roebuck*, 852 F.2d at 737.

3. The Duquesne Law Review article cited by Nationwide, Comment, *The 1990 Pennsylvania Auto Insurance Law: An Analysis of "Bad Faith" and the "Limited Tort Option,"* 29 Duq.L.Rev. 619, 622 (1991), also failed to address the Seventh Amendment implications to the General Assembly's authorization of relief that is properly regarded as legal in nature.

2. A jury shall hear and determine questions concerning whether Defendant acted in bad faith, whether Defendant is liable for punitive damages, and, if so, the amount of punitive damages to be awarded.

3. All other relief that may be awarded under 42 Pa.C.S.A. § 8371 shall be determined by the Court.