

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00401-CV

IN THE MATTER OF GUARDIANSHIP
OF JOSIAH ONYEBUCHI, AN
INCAPACITATED PERSON

----------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2008-0000734-1

----------

## MEMORANDUM OPINION[1]

----------

The probate court appointed Robert Brownrigg as Josiah Onyebuchi's guardian ad litem on August 16, 2013. Brownrigg then filed an application seeking authority to enter into a settlement agreement and to create a special needs trust on Josiah's behalf with regard to multiple workmen's compensation suits pending in New Jersey for Josiah's alleged 2002 workplace injuries. Pro se appellant Peter Onyebuchi, Josiah's brother and guardian of the person, filed a

---

[1]See Tex. R. App. P. 47.4.

written objection to Brownrigg's application. The probate court granted the application after a hearing, and Peter appealed to this court.

On May 5, 2014, we notified Peter that his appellant's brief was deficient in that it did not comply with rule of appellate procedure 38.1(a), (c), (d), (g), (i), and (k) and rule of appellate procedure 9.4(h) and (i). We informed Peter that failure to file an amended brief that complied with the above rules could result in striking his brief, waiver of noncomplying points, or dismissal of the appeal.

On appeal, as at trial, a pro se party must properly present his case. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). Rule of appellate procedure 38.1 sets out the requirements for an appellant's brief submitted on appeal, including that a brief shall contain a concise, nonargumentative statement of the facts supported by record references and a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(g), (i). Bare assertions of error, without appropriate citations to authority and to the record, waive error on appeal. *See Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

We have attempted to review Peter's amended brief, but it remains deficient under rule 38.1(d), (g), (i), and (k). Specifically, although Peter's brief contains a statement of the case, he has failed to include any record references, and the bulk of the statement comprises a convoluted discussion of the facts.

2

Under rule 38.1(d), Peter is required to support his statement of the case with *specific* references to the record without discussing the facts, and he has failed to do so. *See* Tex. R. App. P. 38.1(d).

Further, although Peter's brief contains a statement of facts, he has failed to cite a single record reference throughout. Moreover, his fact statement is riddled with argument and consists primarily of block-quoted sections of the Texas Probate Code and the Texas Disciplinary Rules of Professional Conduct. Under rule 38.1(g), Peter is required to concisely state the pertinent facts, supported by record references, without argument, and he has failed to do so. *See* Tex. R. App. P. 38.1(g).

Furthermore, to the extent Peter's arguments are discernible, they are neither clear nor concise and contain no appropriate citations to legal authority and to the record as required by rule 38.1(i).[2] To the contrary, instead of

[2]Outside of multiple references to the Texas Disciplinary Rules, Peter cites only the following in his argument section: *Goss v. Lopez*, 419 U.S. 565, 95 S. Ct. 729 (1975); *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542 (Fed. Cir. 1983); *Fahy v. Nationwide Mut. Fire Ins. Co.*, 885 F. Supp. 678 (M.D. Pa. 1995). None of the cases cited by Peter involve issues relating to probate court proceedings.

In contrast to these cases, Peter appears to argue that Brownrigg violated the Texas Disciplinary Rules of Professional Conduct by not communicating with Josiah and that Brownrigg "expand[ed] the Fiduciary duties of an attorney in fact or agent, durable power of an Attorney—far beyond the duties recognized by Texas Courts." He also appears to assert that the probate court's appointment of Brownrigg as Josiah's ad litem and its subsequent order granting Brownrigg authorization to enter the settlement agreement resulted in a due process violation and a "violation of Seventh Amendment right [t]o a jury trial," but he does not explain how he reaches this conclusion, or how we should.

3

providing any sort of meaningful explanation and analysis, Peter's brief is saturated with generalized statements and speculative arguments.[3]

Because arguments raised on appeal that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review, we are unable to evaluate the merits of Peter's appeal. *See Gray*, 259 S.W.3d at 294; *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) (stating that bare assertions of error, without citations to authority or record, waive error). Peter's brief is so inadequate that addressing the merits of his claims would force us to abandon our role as a neutral adjudicator and to develop his legal arguments for him. *See DSW Masters Holding Corp. v. Tyree*, No. 02-11-00296-CV, 2012 WL 4661455, at *5 (Tex. App.—Fort Worth 2012, no pet.) (mem. op.) (stating that it would be inappropriate for the court to re-draft and articulate what appellant may have intended to raise as error on appeal); *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895–96 (Tex. App.—Dallas 2010, no pet.); *cf. Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (holding no waiver under rule 38.1 when appellant cited applicable statute).

---

[3]For example, Peter states, "[Attorney Michael Brottman] Advised me to take [the settlement offer], OTHERWISE, THREATENED that if I do not take it, the Court will dismiss The case. On what ground's.?. Could not explain?." "I asked [Mr. Brottman] repeatedly to set this case for Trial, he refused, he has refused and continue to refuse, Where then is the Client/Lawyer relationship.?" Brottman is apparently Josiah's attorney in New Jersey.

Because Peter failed to comply with rule 38.1's requirements in his amended brief, we hold that he has waived any error. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85 (citing the "long-standing" rule that a point may be waived due to inadequate briefing); *Gray*, 259 S.W.3d at 294. Accordingly, we overrule Peter's points on appeal and affirm the trial court's order.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  September 11, 2014